IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-278-KDB-DCK

| | |
|---|---|
| SUSAN DARLENE MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 15) and Defendant's "Motion For Summary Judgment" (Document No. 20). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion for Summary Judgment" be granted; that Defendant's "Motion For Summary Judgment" be denied; that the Commissioner's decision be vacated; and that the case be remanded for further consideration.

I. BACKGROUND

Plaintiff Susan Darlene McKinney ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). On or about January 7, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning November 20, 2015. (Transcript of the Record of Proceedings ("Tr.") 16, 167). The Commissioner of Social Security

(the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about March 9, 2016, and again after reconsideration on July 12, 2017. (Tr. 16, 96, 104). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of depression, panic anxiety attacks, low immune system, blood clot in stomach, severe pain, pancreatic insufficiency, high blood pressure, irritable bowel syndrome, insomnia, acid reflux and low potassium. The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> In order to evaluate the claim, specific medical evidence was needed. However, we were unable to obtain this evidence because the examination we scheduled was not completed.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 104).

Plaintiff filed a timely written request for a hearing on August 22, 2017. (Tr 16, 113). On March 25, 2019, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims (the "ALJ"). (Tr. 16, 38-56). In addition, Janette Clifford, a vocational expert ("VE"), and Melissa Wilson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on April 24, 2019, denying Plaintiff's claim. (Tr. 16-31). On or about June 20, 2019, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 18, 2020. (Tr. 1-6). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 14, 2020. (Document No. 1). On June 2, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 15) and "Plaintiff's Memorandum in Support of Motion for Summary Judgment" (Document No. 16) were filed June 21, 2021; and Defendant's "Motion For Summary Judgment" (Document No. 20) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 21) were filed September 9, 2021. "Plaintiff's Response to Defendant's Motion for Summary Judgment" (Document No. 22) was timely filed on September 22, 2021.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Kenneth D. Bell is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

3

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between November 20, 2015, and the date of the ALJ decision.[1] (Tr. 17). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 29-30).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since November 20, 2015, the alleged disability onset date. (Tr. 18). At the second step, the ALJ found that "hypertension, irritable bowel syndrome, gastroesophageal reflux disease, history of liver transplant, post-traumatic stress disorder, major depressive disorder, panic disorder, and

generalized anxiety disorder" were severe impairments.[2] (Tr. 19). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff retained the capacity to perform light work activity, with the following limitations:

> avoidance of concentrated exposure to hazards (dangerous machinery); performance of simple, routine, repetitive tasks in a stable work environment at a non-production pace with occasional interpersonal interaction with co-workers and supervisors; occasional public contact; off-task less than ten percent of an eight-hour workday; and concentration is greater than two-hour increments of an eight-hour workday.

(Tr. 21-22). In making this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (Tr. 22).

At the fourth step, the ALJ held that Plaintiff could not perform past relevant work as a hospital cleaner or nurse assistant. (Tr. 29). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a folder, a garment bagger, and a non-postal mail clerk sorter. (Tr. 30). Therefore, the ALJ concluded that Plaintiff was not under a

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

"disability," as defined by the Social Security Act, between November 20, 2015, and the date of the decision, April 24, 2019. (Tr. 31).

Plaintiff on appeal to this Court contends that the ALJ erred by failing to adequately support and explain the RFC assessment. (Document No. 16, p. 7). Specifically, Plaintiff asserts the ALJ failed to: (1) explain why Plaintiff would be off task less than ten percent (10%) of the day; (2) define "non-production pace"; and (3) include limitations in the RFC that address Plaintiff's irritable bowel syndrome ("IBS"). (Document No. 16, pp. 8-19); see also (Document No. 22). In addition, "Plaintiff's Response…" argues for the first time that the Commissioner's decision is "constitutionally defective" "[b]ecause SSA's structure unconstitutionally violated separation of powers." (Document No. 22, p. 5); see also (Document No. 19).

The undersigned is persuaded that the ALJ's failure to adequately address Plaintiff's IBS frustrates meaningful review and is sufficient cause for remand. Plaintiff's most compelling argument notes that the ALJ "found McKinney's irritable bowel disease (IBD) – a condition characterized by chronic inflammation of the gastrointestinal tract" to be "a severe impairment"; nevertheless, "the RFC fails to include limitations that would reflect the abdominal pain, fatigue, and frequent bouts of diarrhea consistent with that impairment." (Document No. 16, p. 15) (citing Tr. 19).

Plaintiff argues that the medical evidence is consistent with Plaintiff's complaints of pain and limitations, and includes records of her hospitalizations related to abdominal pain, nausea, fatigue, etc. (Document No. 16, pp. 15-16). Allegedly, the ALJ's decision does not include all of Plaintiff's visits to hospitals due to IBS (or IBD) symptoms. (Document No. 16, p. 17) (citing Tr. 24, 576-723, 702-710, 712-723).

Plaintiff concludes that the ALJ failed to explain how "extensive evidence documenting McKinney's frequent bouts of abdominal pain, cramping, nausea, vomiting, fatigue, and chronic frequent diarrhea 'will not interfere with her ability to function . . . on a sustained basis." (Document No. 16, p. 19).

In response, Defendant contends that "the ALJ's detailed analysis of the evidence shows that he appropriately considered Plaintiff's symptoms and substantial evidence supports his conclusions." (Document No. 21, p. 15) (citing Tr. 22-29). Defendant goes on to assert that the "ALJ explained" "that despite Plaintiff's reported symptoms of nausea, vomiting, and frequent bowel movements, she had not lost a significant amount of weight and her body mass index remained within normal limits." (Document No. 21, pp. 15-16) (citing Tr. 25, 1679, 1690, 1783, 1900, 2315). The ALJ noted that Plaintiff weighed 138 pounds in February 2018. (Tr. 25). The ALJ decision does not mention Plaintiff's testimony that her normal weight is 136 pounds, but that at the time of hearing, in March 2019, she weighed 125 pounds. (Tr. 45).

In reply, Plaintiff re-asserts that the Commissioner has failed to acknowledge the extent of Plaintiff's hospitalizations and on-going clinic visits due to her IBS between November 2015 and February 2018. Plaintiff further argues that "her condition is chronic" and that although it might improve at times, that "does not mean that it won't frequently return with a vengeance, as the multiple ED visits and hospitalizations demonstrate." (Document No. 22, pp. 4-5).

The undersigned notes that the ALJ's decision gave "great weight" to Earl Epps, Jr., M.D.'s opinion and that Dr. Epps' medical diagnoses include irritable bowel syndrome and gastroesophageal disease. (Tr. 27) (citing Tr. 401-407). Dr. Epp's noted that Plaintiff suffers chronic diarrhea as well as "diffuse abdominal discomfort" due to her irritable bowel syndrome and that she also has diverticular disease of the colon. (Tr. 403, 405).

8

The ALJ decision also seems to accept the testimony that "[w]ith irritable bowel syndrome, [Plaintiff] has a bowel movement **twenty or more times a day**" and that one of her biggest obstacles to working is "stomach problems."[3] (Tr. 22) (emphasis added); see also (Tr. 46). The ALJ decision does report several trips by Plaintiff to emergency departments due to nausea, vomiting, abdominal pain, and diarrhea. (Tr. 24-25).

While the ALJ acknowledges Plaintiff's severe impairments, including IBS, he concludes "they are not disabling." (Tr. 29). At least as to IBS, the ALJ provides little, if any, explanation for what limitations severe IBS creates for Plaintiff (or why it does not create limitations.) In contrast, in another case reviewed by this Court involving IBS, an ALJ explicitly acknowledged that "the pain associated with irritable bowel syndrome is a contributing factor to the residual functional capacity findings" and that for that plaintiff "Bentyl controlled the irritable bowel symptoms." Granados-Zetina v. Saul, 3:18-CV-537-KDB, 2019 WL 7041288, at *3 (W.D.N.C. Dec. 19, 2019) (citing Document No. 10-3, p. 122; Tr. 121). Based on that ALJ's explanation, this Court found no error in the determination that the plaintiff's IBS in that case was *not* disabling. Id.

Here, the ALJ has not provided a similar explanation for the impact of Plaintiff's IBS on her RFC. Ultimately, the ALJ's conclusion in this case regarding Plaintiff's ability to return to work may be accurate. Perhaps the ALJ intended to explain that Plaintiff's purported need to be "off-task less than ten percent of an eight-hour workday" has some relevance to Plaintiff's limitations due to IBS – but without an explanation addressing how Plaintiff's severe IBS impacts her ability to work, the undersigned finds that the ALJ's decision is deficient. The undersigned

---

[3] The ALJ also notes that Plaintiff has "up to ten panic attacks per day" and experienced a panic attack during the underlying hearing. (Tr. 22).

recommends that on remand the ALJ provide further consideration and explanation regarding Plaintiff's IBS, and also consider any other errors alleged by Plaintiff in this matter.

## IV. CONCLUSION

The undersigned finds that there is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated, and that this matter be remanded for further consideration.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 15) be **GRANTED**; Defendant's "Motion For Summary Judgment" (Document No. 20) be **DENIED**; the Commissioner's decision be **VACATED**; and the case be **REMANDED** for further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue

in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: August 5, 2022

David C. Keesler
United States Magistrate Judge