IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00278-KDB-DCK

| | |
|---|---|
| SUSAN DARLENE MCKINNEY, **Plaintiff,** v. KILOLO KIJAKAZI , Acting Commissioner of Social Security, **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. No. 27). The Commissioner does not oppose an award under the EAJA but argues that the total number of hours submitted by the Plaintiff is unreasonable. *See* Doc. No. 29. The Court has carefully considered the motion, the parties' briefs, and other pleadings of record. For the reasons briefly discussed below, the Court will grant the motion, in part.

Under the Equal Access to Justice Act , the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified or that special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), Doc. No. 25, the Plaintiff is properly considered a "prevailing party" in this action. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Still, an award of attorney's fees must always be " 'reasonable,' " both with respect to the hourly rate charged and the number of hours claimed. *See Hyatt v. Barnhart*, 315 F.3d 239, 248

1

(4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id*. Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. *See Miles v. Colvin*, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014); *Dixon v. Astrue*, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008); *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986). The Court has discretion to determine what constitutes a reasonable fee award. *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

Plaintiff's attorneys claim a total of 53.20 hours of work on this case at an hourly rate ranging from $207.22 to $237.77 for a total award of $11,597.06.[1] Attorney Naides claims 48.75 hours of work preparing the medical index, the summary judgment brief, and the reply brief. *See* Doc. No. 28-2. Attorney Piemonte submits a total of 4.45 hours of work preparing the complaint and editing the briefs. *Id*. Having reviewed Plaintiff's counsel's billing entries, the Court finds that a reduction of the submitted 53.20 hours is appropriate.

First, clerical tasks are not compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "A prevailing party may recover fees only for work that is traditionally done by an attorney." *Thayer v. Saul*, No. 3:19-CV-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020) (citing *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)). This Court has held that the preparation of a medical index is a clerical task, which is not compensable. *See Mullis v. Kijakazi*, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the

---

[1] The Commissioner does not object to the hourly rate but only to the total hours of work. *See* Doc. No. 29, fn. 1.

preparation of the medical index is a "superfluous, 'clerical task, which is not compensable.'") (quoting *Thayer v. Saul*, No. 3:19-cv-00279-GCM, 2020 WL4208061, at *2 (W.D.N.C. July 22, 2020))); *Marler v. Saul*, No. 3:20-cv-00035-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021); *Hooper v. Saul*, No. 3:20-cv-00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). Plaintiff's counsel did not separate the time spent setting up the medical index from the time spent reviewing the file and drafting the statement of facts in its billing entry. The Court may therefore reduce the entirety of the 6.75 hours in that block for Plaintiff's failure to properly separate these tasks. *See Gibby v. Astrue*, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012) ("[The] court may discount requested hours if attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks") (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Accordingly, the Court will strike the 6.75 hours billed on June 2, 2021.

Second, the Court finds a reduction in hours is warranted given the extensive experience of Plaintiff's attorneys. Plaintiff's attorneys have approximately 60 years of combined experience focusing on Social Security disability benefits. Moreover, Attorney Naides is a Professor of Legal Analysis and Writing at the Dickinson School of Law at Pennsylvania State University. (Doc. No. 28-5). Attorneys with such experience in legal writing and in the field of Social Security Disability should have been able to review the administrative record and produce a well-written seventeen-page opening brief (which addresses a commonly litigated issue) in under 41.5 hours. *See Trim v. Astrue*, No. 2:09-cv-30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (finding that 30 hours was an "excessive amount of time to be spent" in the preparation of the summary judgment brief, including time spent reviewing the record and performing legal research); *Gibby*, 2012 WL 3155624, at *6 ("[A]n attorney experienced in this field should have been able to review the

3

administrative record and product a brief in a case such as this one within twenty-five hours."). Therefore, the Court will reduce the 41.5 hours related to the preparation of the opening brief to 30 hours.

In sum, the Court finds that a total reduction of 13.25 hours is appropriate. Accordingly, the Court finds that Plaintiff should be awarded an attorney's fee under EAJA in the amount of $7,616.37.[2]

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) is **GRANTED IN PART**, to the extent that the Court will award attorneys' fees in the amount of $7,616.37, and that pursuant to *Comm'r of Soc. Sec. v. Ratliff*, 560 U.S. 586 (2010), the fee award will first be subject to offset any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**SO ORDERED**

Signed: November 30, 2022

Kenneth D. Bell
United States District Judge

---

[2] 6.75 (reduction of medical index hours) x $218.12 (June 2021 rate) = $1,472.31; 11.5 (reduction of opening brief hours) x $218.12 (June 2021 rate). = $2,508.38; $11,597.06 (Plaintiff's requested fee) - $3,980.69 (total reduction of hours) = $7,616.37